## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.,* MGSNOVA ADVISORY, LLC, *et al.,* | ) ) ) | |
| Plaintiff-Relator, | ) ) | Case No. 1:15-cv-02184 |
| BRINGING THIS ACTION ON BEHALF OF THE UNITED STATES OF AMERICA AND NAMED STATES AND LOCALITIES | ) ) ) | **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** |
| vs. | ) ) ) | **DO NOT PUBLISH** |
| HAHN AIR USA, INC., *et al.,* | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## AMENDED COMPLAINT

Plaintiff-Relator, MGSNOVA ADVISORY, LLC, brings this *qui tam* action in the name of the United States of America, several states and localities, to recover damages and civil penalties from Defendants Hahn Air USA, Inc. and Hahn Air Lines GmbH for violations of the False Claims Act, 31 U.S.C. § 3729, *et seq.* and the False Claims Act statutes of several states and localities. These violations include, but are not limited to, presenting false claims to the United States and state and local governments, and making false statements and committing other fraudulent acts or acts of concealment to avoid or decrease Defendants' obligation to pay mandatory fees to the United States and state and local governments that are imposed on air carriers flying within, or to and from, the United States.

**THE PARTIES INVOLVED**

1.      Plaintiff-Relator MGSNOVA Advisory, LLC, a Wyoming LLC, can be reached through its attorneys at Kohn, Kohn, and Colapinto, LLP,  1710 N Street, N.W., Washington, D.C. 20036.

2.      Defendants Hahn Air USA Inc. and Hahn Air Lines GmbH are collectively referred to herein as the "Hahn Air Defendants."  All of the Hahn Air Defendants regularly transact and conduct business in, and travel to and from, the United States.

3.      Defendant Hahn Air Lines GmbH is a privately held German-based limited liability company. Hahn Airlines is an international company with offices located in more than five countries. Its corporate headquarters is located at An der Trift 65, Dreieich, Germany 63303. Hahn Airlines is the subsidiary of a privately held holding company, Saspo Holding GmbH. Hahn Air Lines also maintains its U.S. office, Hahn Air USA, Inc., at 8530 Eagle Point Blvd., Suite 100, Lake Elmo, MN 55042.

4.      Defendant Hahn Air USA, Inc. is a privately owned corporation, incorporated in the State of Minnesota, where it transacts business in the United States on behalf of the Hahn Air Defendants.

**JURISDICTION AND VENUE**

5.      This action arises under the Federal False Claims Act, 31 U.S.C. § 3729, *et seq.*

6.      Subject matter jurisdiction over all stated causes of action is conferred upon this Court by 28 U.S.C. § 1331, and supplemental and pendant jurisdiction, in that this action arises under the laws of the United States, and by and 31 U.S.C. § 3732, which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.

7.      Plaintiff-Relator also brings this action on behalf of the Governments of California, Hawaii, Illinois, Indiana, Maryland, Massachusetts, Montana, New York, Virginia, and The City of Chicago, hereinafter referred to as "The States and Municipalities."

8.      Plaintiff-Relator brings this action on behalf of the named States and localities for the Defendant's violations of Cal. Gov't Code §§12650 *et seq.*; Haw. Rev. Stat. Ann. §§661-21 *et seq.*; 740 Ill. Comp. Stat. Ann. 175/1 *et seq.*; Ind. Code §§5-11-5.5-1 *et seq.*; Md. Code Ann. §§ 8-101, *et seq.*; Mass. Ann. Laws ch.12, §§5 *et seq.*; Mont. Code Ann. §§ 17-8-401, *et seq.*; N.Y. State Fin. Law §§188 *et seq.*; Va. Code Ann. §§8.01-216.1 *et seq.*; and Chi. Mun. Code §§ 1-22-010 *et seq*.  These laws hereinafter collectively referred to as the "State and local FCAs" or "State and local False Claims Acts."

9.      Jurisdiction over State and local False Claims Acts claims is also conferred by 31 U.S.C. § 3732(b) in that the transactions and or occurrences described which violate the State and local False Claims Acts involve a common nucleus of facts as, and are related to, those that violate the Federal False Claims Act, 31 U.S.C. § 3729, *et seq*.

10.      Venue is proper in this Court pursuant to 28 U.S.C § 1391(c) and 31 U.S.C. § 3732(a) as the Court has personal jurisdiction over at least one Defendant who can be found in, resides, transacts business, or has performed acts proscribed by 31 U.S.C. § 3729 in this district. Each Defendant also caused false claims to be made or certified in this jurisdiction, and the False Claims Act confers nationwide jurisdiction.

11.      Pursuant to the requirements of 31 U.S.C § 3730(b), and the State and local FCA statutes, Plaintiff-Relator provided the federal government and the States and Municipalities with a written disclosure statement, containing substantially all of the allegations made herein.

12.     There has been no public disclosure of the allegations contained herein.  To the extent jurisdictionally required, Plaintiff-Relator is an original source of the information forming the basis of these allegations within the meaning of 31 U.S.C. § 3730(e)(4); Plaintiff-Relator has direct and independent knowledge of the information contained herein, and Plaintiff-Relator voluntarily provided such information to the government of the United States prior to the filing of this action.

13.     Plaintiff-Relator has complied with all conditions precedent to bringing this action.

## RELEVANT RULES AND REGULATIONS

14.     The allegations contained in the above paragraphs are hereby realleged as set forth fully above.

15.     The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.  Defendants have collected all of the fees listed below, but Defendants have knowingly failed to remit these fees to the proper government authorities.  The fees and corresponding regulations are listed below, along with the symbols used to indicate the relevant fees that have not been paid by Defendants.

16.     Customs User Fee ("YC"):   19 U.S.C. § 58c (a)(4)-(5); 19 U.S.C. § 58c (b)(9)(B)(iii). The U.S. Customs Service, subject to oversight by the Secretary of the Treasury, has the authority to collect a fee of $25 for arrivals made by private aircraft and a $5 fee for each passenger arrival aboard a commercial aircraft from a place outside the United States. 19 U.S.C. § 58c(a)(4)-(5). These funds are used to cover the costs of processing foreigners through U.S. Customs upon entry to the country, and a set aside provision exists for reimbursement for any expense related to the costs incurred in providing services to express consignment carrier facilities

4

and/or centralized hub facilities. 19 U.S.C. § 58c(b)(9)(B)(iii). These fees have been collected by Defendants but have not been paid to the U.S. Customs Service by Defendants as required by law.

17.   <u>Immigration User Fee ("XY")</u>: 8 U.S.C. § 1356. The Attorney General is authorized to collect a $7 fee for the immigration inspection of each passenger arriving at a port of entry in the United States. 8 USC § 1356(d). In addition, the party collecting these fees (i.e. Hahn Air) must remit these fees within 31 days of the close of the quarter in which the fees are collected. 8 USC §1356(f)(3). These fees have been collected by Defendants but have not been remitted to the Attorney General as required by law.

18.   <u>Passenger Facility Charge ("XF")</u>: 49 U.S.C. 40117(b); 14 C.F.R. § 158.49(a).  The Secretary of Transportation is authorized by law to grant permission to relevant agencies to collect Passenger Facility Charges of $1-3 for each paying passenger of an air carrier or foreign air carrier boarding an aircraft at the airport under the control of the relevant agency.   49 U.S.C. § 40117(b)(1). These fees are used in order to finance eligible airport-related projects. *Id.* These charges may be imposed whether the passenger's flight is either originating or connecting at an airport under the control of the relevant agency. 49 U.S.C. § 40117(b)(3). These fees have been collected by Defendants but have not been remitted to the Secretary of Transportation or the relevant State and local entities to which these fees are owed.  The Defendants also violated accounting and auditing requirements under 14 CFR § 158.49(a) ("Collecting carriers shall establish and maintain a financial management system to account for PFC's in accordance with the Department of Transportation's Uniform System of Accounts and Reports (14 CFR part 241).").

19.   <u>APHIS User Fee ("XA")</u>:  7 C.F.R. § 354.3 (e) - (I). The Animal and Plant Health Inspection Service ("APHIS") of the United States Department of Agriculture ("USDA") has the

authority to charge fees to passengers of commercial aircraft for inspection. 7 C.F.R. § 354.3(e). Moreover, APHIS is authorized to charge an additional fee related to the inspection of international travelers. 7 C.F.R. § 354.3(f).  Defendants collect both of these fees at the time of ticket sale, however they have not been remitted to the proper authorities as required by law. This is particularly egregious in the case of the APHIS User Fee because the regulation imposing this fee also clearly states that it is the responsibility of the party issuing tickets or travel documents (i.e. Hahn Air) to collect the fee. 7 C.F.R. § 354.3(f)(4).

20.     Passenger Civil Aviation Security Fee ("AY"): 49 U.S.C. § 44940; 49 C.F.R. §§ 1510.1, 1510.15(a). Law vests authority vested in the Under Secretary of Transportation for Security to impose a fee on passengers of foreign and domestic air carriers to pay for the cost of provided civil aviation security services. 49 U.S.C. § 44940(a)(1). The Transportation Security Administration, under the guidance of the Department of Homeland Security, has issued regulations mandating the collection of such a fee.  49 C.F.R. § 1510.1. These fees have been collected by Defendants but have not been remitted to the Under Secretary of Transportation for Security as required by law.  The Defendants also violated accounting and auditing requirements for Passenger Civil Aviation Security Fees collected by domestic and foreign air carriers: "Direct air carriers and foreign air carriers must establish and maintain an accounting system to account for the security service fees imposed, collected, refunded and remitted." *Id*. at § 1510.15(a).

**FACTUAL ALLEGATIONS**

21.     The allegations contained in the above paragraphs are hereby realleged as set forth fully above.

22.     All of the Defendants' knowing violations described in this Amended Complaint have been ongoing since, and they are continuing.

23.    The Defendants have collected U.S. fees owed to various federal and state agencies and state and local governments from between 2003 through the present, and Defendants have knowingly not remitted these fees to the United States and the appropriate agencies as required by law.

24.    Defendant Hahn Air Lines GmbH is a privately held German-based company that generates the vast majority of its revenue via airline distribution.

25.    The International Air Transport Association ("IATA") is the global trade association for the airline industry. Its 260 member airlines comprise 83% of total air traffic. Defendant Hahn Air Lines is a member of IATA.

26.    The Defendants' business model involves a heavy reliance on its IATA membership in the to gain access to international travel markets. With this access, Hahn Air markets itself to other airlines as being able to sell their flight segments in markets that these carrier airlines would not otherwise be able to access.  The Defendants sell the flight segments of its partner carrier airlines on Hahn Air tickets.

27.    Hahn Air maintains Interline Agreements with more than 270 carrier airlines, meaning that the flight segments of more than 270 airlines can be issued on a Hahn Air flight document/ticket. When such arrangements take place between airlines, the airline responsible for the sale of tickets is known as the "issuing airline," while the airline that actually transports the passengers on its plane is known as the "carrier airline."  Hahn Air Lines is an issuing airline.

28.    The terms "selling airline," "ticketing airline," and "validating airline," are all synonyms of "issuing airline."

29.    The terms "transporting airline," "lifting airline," and "operating airline," are all synonyms of "carrier airline."

30.     Interline Agreements delegate the responsibility of ticket sales to Hahn and, by doing so, also delegate to Hahn the responsibility of collecting taxes and fees imposed by law and regulation on the sale of such tickets.

31.     International travel regularly subjects passengers and carriers to certain taxes and fees associated with the costs of processing travelers from one country to another.

32.     The U.S. fees that are the subject of this Amended Complaint may be paid in one of two ways: if they are interlineable, the issuing airline will collect the tax from the passenger (it is built into the ticket price) and then remit it to the carrier airline so that it may be paid to the proper authority. In the event of a non-interlineable tax or fee, however, the issuing carrier must remit the tax or fee directly to the appropriate authority.

33.     Hahn Air's dealings with flights to, from, and within the United States have led the Defendants to collect substantial sums in non-interlineable fees. These monies are required to be remitted by the Defendants to the appropriate collecting authority (e.g., FAA, USDA, Customs, etc.).  However, Defendants have knowingly chosen not to pay these fees to the U.S. and state and local governments that are owed these fees, as required by law.

34.     The Hahn Air Defendants avoided detection of their non-payment of U.S. fees for years because of their relatively small-scale operation and their status as a foreign non-reporting company.

35.     The carrier airline companies that fly Hahn Air passengers include large commercial airlines such as Jet Blue, Hawaiian Airlines, Virgin America, and Alaska Airlines.  All of the carrier airlines regularly fly airplanes in the United States, or to and from the United States, subjecting Defendants to payment of the U.S. and state and local fees at issue in this Amended Complaint.

36.     The carrier airlines identified herein each act as principal while the Hahn Air Defendants act as their agent in collecting the U.S. fees at issue.

37.     The involved carrier airlines are, for the most part, publicly traded reporting companies, with their shares listed on either a U.S. or Foreign exchange, and they all regularly transact or conduct business in the United States.

38.     The carrier airlines gave express authority to Hahn Air, through Interline Agreements, to collect and remit the U.S. and state and local fees associated with the sale of tickets, as required by law, on their behalf.  *See, e.g.*, 19 U.S.C. § 58c(a)(4)-(5); 8 § U.S.C. 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4); 49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.

39.     These carrier airlines failed to put controls in place to ensure that the Defendants paid these fees, collected on their behalf, and Defendants knowingly failed to pay these fees to the appropriate U.S., state and local authorities.

40.     The Defendants collected U.S., state and local fees but knowingly failed to remit this money to the proper U.S., state or local authorities.  The unpaid fees are owed to the Department of Transportation and the State and local Governments (Passenger facility and civil aviation fees), U.S. Attorney General (Immigration user fee), Department of Agriculture (APHIS fee) and U.S. Customs/Department of Homeland Security (Customs user fees).  The  user fees for state and local airports have been collected but Defendants have knowingly not remitted those fees to the proper governmental authorities.

41.     Each time the Defendants failed to remit the fees it collected on behalf of the carrier airlines, it violated 19 U.S.C. § 58c (a)(4)-(5); 19 U.S.C. § 58c (b)(9)(B)(iii); 8 U.S.C. § 1356; 49 U.S.C. § 40117(b); 7 C.F.R. § 354.3 (e) - (I); 49 U.S.C. § 44940; and 49 C.F.R. § 1510.1, and each time Defendants knowingly failed to remit those fees to the appropriate government

authorities in the United States the Defendants knowingly violated the False Claims Act, 31 U.S.C.. § 3729, *et seq*.

42.     Hahn Air Lines, as the issuing airline, also violated 14 C.F.R. § 158.49(a) by failing to establish and maintain a financial management system to account for PFC's.

43.     By following this course of action, Defendants knowingly presented false claims, and knowingly concealed and improperly avoided or decreased an obligation to pay or transmit money or property, to the United States and the state and local governments in violation of the False Claims Act and the analogous state and local False Claims Act statutes.

44.     Defendants further knowingly conspired to accomplish this fraud.  Defendants knowingly committed overt acts in furtherance of the conspiracy each time they refused or knowingly failed to remit collected fees to the U.S. authorities to which they were owed and each time they presented false claims to the U.S. authorities.

45.     By engaging in this conduct, all of the Defendants have knowingly committed violations of the False Claims Act, 31 U.S.C. 31 U.S.C. § 3729, *et seq*.

### ALTER-EGO RELATIONSHIPS

46.     At all times relevant to this Amended Complaint, Defendants Hahn Air Lines GmbH and Hahn Air USA, Inc. have been alter-egos of each other.

### CAUSES OF ACTION

### COUNT I

### Violations of 31 U.S.C. § 3729(a)(1)(A)

47.     The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

48.     As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4); 49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed and presenting false claims to the U.S. government.

49.     The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

50.     Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Customs User Fee ("YC"); Immigration User Fee ("XY"); Passenger Facility Charge ("XF"); APHIS User Fee ("XA"); and Passenger Civil Aviation Security Fee ("AY") it collected on the sale of each distributed flight ticket.

51.     The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S. Government, in an amount to be determined at trial.

52.     To conceal their scheme, and avoid the mandatory liability and penalties under 19 U.S.C. 58c (a)(4)-(5); 19 U.S.C. 58c (b)(9)(B)(iii); 8 U.S.C. § 1356; 49 U.S.C. § 40117(b); 14 C.F.R. § 158.49(a); 7 C.F.R. § 354.3 (e) - (I); 49 U.S.C. § 44940; and 49 C.F.R. § 1510.15(a), Defendants knowingly, as defined in 31 U.S.C. § 3729(b)(1)(A), (B), presented or caused to be presented false or fraudulent claims for payment or approval.

53.     By knowingly, willfully or recklessly presenting false or fraudulent claims for payment or approval to the United States, Defendants have defrauded the United States in contravention of the False Claims Act, 31 U.S.C. §3729(a)(1)(A), to the damage of the treasury of

the United States of America, and by failing to pay money owed to the United States, in an amount to be determined at trial.

54.     As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the United States has failed to collect fees that Defendants were obligated to pay, in an amount to be determined at trial.

55.     Each and every such fraudulent claim is also subject to a civil fine under the False Claims Act of "not less than $5,000 and not more than $10,000, as adjusted by as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1999, 28 U.S.C. § 2461, plus 3 times the amount of damages which the Government sustains because of the act of that person."   31 U.S.C. §3729(a)(1).

56.     Defendants are jointly and severally liable for all damages under this Count.

## COUNT II

### Violations of 31 U.S.C. § 3729(a)(1)(B)

57.     The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

58.     As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4); 49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government.

59.     The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

60.     Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Customs User Fee ("YC"); Immigration User Fee ("XY"); Passenger Facility Charge ("XF"); APHIS User Fee ("XA"); and Passenger Civil Aviation Security Fee ("AY") it collected on the sale of each distributed flight ticket.

61.     The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S. Government, in an amount to be determined at trial.

62.     To conceal their scheme, and avoid the mandatory liability and penalties under 19 U.S.C. § 58c (a)(4)-(5); 19 U.S.C. § 58c (b)(9)(B)(iii); 8 U.S.C. § 1356; 49 U.S.C. § 40117(b); 14 C.F.R. § 158.49(a); 7 C.F.R. § 354.3 (e) - (I); 49 U.S.C. § 44940; and 49 C.F.R. § 1510.15(a), Defendants knowingly, as defined in 31 U.S.C. § 3729(b)(1)(A), (B), made false records, statements and certifications, and caused others to make false records, statements and certifications, material to a false or fraudulent claim.

63.     By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications material to a false or fraudulent claim, Defendants have defrauded the United States in contravention of the False Claims Act, 31 U.S.C. §3729(a)(1)(B), to the damage of the treasury of the United States of America, by failing to pay money owed to the United States, in an amount to be determined at trial.

64.     As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the United States has failed to collect fees that Defendants were obligated to pay, in an amount to be determined at trial.

65.    Each and every such fraudulent claim is also subject to a civil fine under the False Claims Act of "not less than $5,000 and not more than $10,000, as adjusted by as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1999, 28 U.S.C. § 2461,  plus 3 times the amount of damages which the Government sustains because of the act of that person."   31 U.S.C. §3729(a)(1).

66.    Defendants are jointly and severally liable for all damages under this Count.

## COUNT III

### Violations of 31 U.S.C. § 3729(a)(1)(G)

67.    The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

68.    As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5);  8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4); 49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding their obligation to pay money owed to the U.S. government.

69.    The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into, within or out of the United States.

70.    The Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Customs User Fee ("YC"); Immigration User Fee ("XY"); Passenger Facility Charge ("XF"); APHIS User Fee ("XA"); and Passenger Civil Aviation Security Fee ("AY") it collected on the sale of each distributed flight ticket.

71.    The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S. Government, plus the

avoidance of fines and penalties for the Defendants' knowing misconduct, in an amount to be determined at trial.

72.    To conceal their scheme, and avoid the mandatory liability and penalties under 19 U.S.C. § 58c (a)(4)-(5); 19 U.S.C. § 58c (b)(9)(B)(iii); 8 U.S.C. § 1356; 49 U.S.C. § 40117(b); 14 C.F.R. § 158.49(a); 7 C.F.R. § 354.3 (e) - (I); 49 U.S.C. § 44940; and 49 C.F.R. § 1510.15(a), Defendants knowingly, as defined in 31 U.S.C. § 3729(b)(1)(A), (B), made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the United States.

73.    By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the United States, Defendants have defrauded the United States in contravention of the False Claims Act, 31 U.S.C. §3729(a)(1)(G), to the damage of the treasury of the United States of America, by failing to pay money owed to the United States.

74.    As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the United States has failed to collect fees that Defendants were obligated to pay in an amount to be determined at trial.

75.    Damages to the United States include, but are not limited to, three times the full value of all funds that Defendants failed to pay, in an amount to be determined at trial.

76.    Each and every such fraudulent claim is also subject to a civil fine under the False Claims Act of "not less than $5,000 and not more than $10,000, as adjusted by as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1999, 28 U.S.C. § 2461,  plus 3 times the

amount of damages which the Government sustains because of the act of that person."   31 U.S.C. §3729(a)(1).

77.    Defendants are jointly and severally liable for all damages under this Count.

## COUNT IV

**Violations of Cal. Gov't Code §§12650 *et seq.*
The California False Claims Act**

78.    The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

79.    This is a claim for treble damages and civil penalties under the Cal. Gov't Code §§12650 *et seq.*

80.    As described throughout this Amended Complaint, Defendants Hahn, its officers, and the carrier airlines with whom it contracted, knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4); 49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government and the state and local governments.

81.    The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

82.    Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Passenger Facility Charge ("XF") they collected on the sale of each distributed flight ticket.

83.    The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S., State, and Municipal governments, in an amount to be determined at trial.

84.    To conceal their scheme, and avoid the mandatory liability and penalties, Defendants knowingly made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments. Defendants also presented or caused to be presented false or fraudulent claims for payment or approval, and made false records, statements and certifications, and caused others to make false records, statements and certifications, material to false or fraudulent claims.

85.    By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments, Defendants have defrauded each State and Municipality named herein, in contravention of the relevant State, political subdivision, public authorities or Municipality False Claims Act, to the damage of the treasury of each, by failing to pay money owed to the State or Municipality under the Passenger Facility Charge ("XF").

86.    As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the States, political subdivision, public authorities and Municipalities have failed to collect Passenger facility and civil aviation fees, in an amount to be determined at trial.

87.    Damages to each State, political subdivision, public authority and Municipality includes, but is not limited to, three times the full value of all funds that Defendants failed to pay

to the States, political subdivision, public authorities and Municipalities, in an amount to be determined at trial.

88.     Each and every such fraudulent claim is also subject to a civil fine under the relevant State or Municipality False Claims Act, plus three times the amount of damages.

89.     All Defendants are jointly and severally liable for all damages under this Count.

90.     By reason of these violations, California, and its political subdivisions, public authorities and Municipalities, have been damaged and continues to be damaged in an amount to be determined at trial.

### COUNT V

**Violations of Haw. Rev. Stat. Ann. §§661-21 *et seq*.**
**The Hawaii False Claims Act**

91.     The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

92.     This is an action for treble damages and civil penalties for violations of the Hawaii False Claims Act, Haw. Rev. Stat. Ann. §§661-21 *et seq*.

93.     As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4); 49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government and the state and local governments.

94.     The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

95.    Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Passenger Facility Charge ("XF") they collected on the sale of each distributed flight ticket.

96.    The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S., State, and Municipal governments, in an amount to be determined at trial.

97.    To conceal their scheme, and avoid the mandatory liability and penalties under 19 U.S.C. § 58c (a)(4)-(5); 19 U.S.C. § 58c (b)(9)(B)(iii); 8 U.S.C. § 1356; 49 U.S.C. § 40117(b); 14 C.F.R. § 158.49(a); 7 CFR 354.3 (e) - (I); 49 U.S.C. § 44940; and 49 C.F.R. § 1510.15(a), Defendants knowingly made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments. Defendants also presented or caused to be presented false or fraudulent claims for payment or approval, and made false records, statements and certifications, and caused others to make false records, statements and certifications, material to false or fraudulent claims.

98.    By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments, Defendants have defrauded each State and Municipality named herein, in contravention of the relevant State, political subdivision, public authorities or Municipality False Claims Act, to the damage of the treasury of each, by failing to pay money owed to the State or Municipality under the Passenger Facility Charge ("XF").

99.     As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the States, political subdivision, public authorities and Municipalities have failed to collect Passenger facility and civil aviation fees, in an amount to be determined at trial.

100.    Damages to the State of Hawaii includes, but is not limited to, three times the full value of all funds that Defendants failed to pay to the State of Hawaii, in an amount to be determined at trial.

101.    Each and every such fraudulent claim is also subject to a civil fine under the Hawaii False Claims Act, plus three times the amount of damages.

102.    All Defendants are jointly and severally liable for all damages under this Count.

103.    By reason of these violations, the State of Hawaii has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT VI

**Violations of 740 Ill. Comp. Stat. Ann. 175/1 *et seq*.**
**The Illinois False Claims Act**

104.    The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

105.    This is an action for treble damages and civil penalties for violations of The Illinois False Claims Act, 740 Ill. Comp. Stat. Ann. 175/1 *et seq*.

106.    As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4); 49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government and the state and local governments.

107.     The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

108.     Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Passenger Facility Charge ("XF") they collected on the sale of each distributed flight ticket.

109.     The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S., State, and Municipal governments, in an amount to be determined at trial.

110.     To conceal their scheme, and avoid the mandatory liability and penalties, Defendants knowingly made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments. Defendants also presented or caused to be presented false or fraudulent claims for payment or approval, and made false records, statements and certifications, and caused others to make false records, statements and certifications, material to false or fraudulent claims.

111.     By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments, Defendants have defrauded each State and Municipality named herein, in contravention of the relevant State, political subdivision, public authorities or Municipality False Claims Act, to the damage of the treasury of each, by failing to pay money owed to the State or Municipality under the Passenger Facility Charge ("XF").

112.    As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the States, political subdivision, public authorities and Municipalities have failed to collect Passenger facility and civil aviation fees, in an amount to be determined at trial.

113.    Damages to the State of Illinois includes, but is not limited to, three times the full value of all funds that Defendants failed to pay to the State of Illinois, in an amount to be determined at trial.

114.    Each and every such fraudulent claim is also subject to a civil fine under the Illinois False Claims Act, plus three times the amount of damages.

115.    All Defendants are jointly and severally liable for all damages under this Count.

116.    By reason of these violations, the State of Illinois has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT VII

### Violations of Ind. Code § 5-11-5.5-1 *et seq*.
### The Indiana False Claims and Whistleblower Protection Act

117.    The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

118.    This is an action for treble damages and civil penalties for violations of The Indiana False Claims and Whistleblower Protection Act, Ind. Code § 5-11-5.5-1, *et seq*.

119.    As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4); 49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government and the state and local governments.

120.    The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

121.    Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Customs User Fee ("YC"); Immigration User Fee ("XY"); Passenger Facility Charge ("XF"); APHIS User Fee ("XA"); and Passenger Civil Aviation Security Fee ("AY") it collected on the sale of each distributed flight ticket.

122.    The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S., State, and Municipal governments, in an amount to be determined at trial.

123.    To conceal their scheme, and avoid the mandatory liability and penalties, Defendants knowingly made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments. Defendants also presented or caused to be presented false or fraudulent claims for payment or approval, and made false records, statements and certifications, and caused others to make false records, statements and certifications, material to false or fraudulent claims.

124.    By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments, Defendants have defrauded each State and Municipality named herein, in contravention of the relevant State, political subdivision, public authorities or

Municipality False Claims Act, to the damage of the treasury of each, by failing to pay money owed to the State or Municipality under the Passenger Facility Charge ("XF").

125.     As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the States, political subdivision, public authorities and Municipalities have failed to collect Passenger facility and civil aviation fees, in an amount to be determined at trial.

126.     Damages to the State of Indiana includes, but is not limited to, three times the full value of all funds that Defendants failed to pay to Indiana, in an amount to be determined at trial.

127.     Each and every such fraudulent claim is also subject to a civil fine under the Indiana False Claims Act, plus three times the amount of damages.

128.     All Defendants are jointly and severally liable for all damages under this Count.

129.     By reason of these violations, Indiana has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT VIII

### Violations of Md. Code Ann. §§ 8-101, *et seq.*
### Maryland False Claims Act

130.     The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

131.     Plaintiff-Relator seeks relief against Defendant under the Maryland False Claims Act, Md. Code Ann. §§ 8-101, *et seq*.

132.     As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4);

49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government and the state and local governments.

133.    The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

134.    Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Passenger Facility Charge ("XF") they collected on the sale of each distributed flight ticket.

135.    The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S., State, and Municipal governments, in an amount to be determined at trial.

136.    To conceal their scheme, and avoid the mandatory liability and penalties, Defendants knowingly made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments. Defendants also presented or caused to be presented false or fraudulent claims for payment or approval, and made false records, statements and certifications, and caused others to make false records, statements and certifications, material to false or fraudulent claims.

137.    By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments, Defendants have defrauded each State and Municipality named herein, in contravention of the relevant State, political subdivision, public authorities or

Municipality False Claims Act, to the damage of the treasury of each, by failing to pay money owed to the State or Municipality under the Passenger Facility Charge ("XF").

138.    As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the States, political subdivision, public authorities and Municipalities have failed to collect Passenger facility and civil aviation fees, in an amount to be determined at trial.

139.    Damages to the State of Maryland includes, but is not limited to, three times the full value of all funds that Defendants failed to pay Maryland, in an amount to be determined at trial.

140.    Each and every such fraudulent claim is also subject to a civil fine under the Maryland False Claims Act, plus three times the amount of damages.

141.    All Defendants are jointly and severally liable for all damages under this Count.

142.    By reason of these violations, the State of Maryland  has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT IX

### Violations of Mass. Ann. Laws ch.12, § 5, *et seq*.
### The Massachusetts False Claims Act

143.    The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

144.    This is an action for treble damages and civil penalties for violations of the Massachusetts False Claims Act, Mass. Ann. Laws ch. 12, §5, *et seq*.

145.    As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4);

49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government and the state and local governments.

146.     The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

147.     Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Passenger Facility Charge ("XF") they collected on the sale of each distributed flight ticket.

148.     The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S., State, and Municipal governments, in an amount to be determined at trial.

149.     To conceal their scheme, and avoid the mandatory liability and penalties, Defendants knowingly made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments. Defendants also presented or caused to be presented false or fraudulent claims for payment or approval, and made false records, statements and certifications, and caused others to make false records, statements and certifications, material to false or fraudulent claims.

150.     By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments, Defendants have defrauded each State and Municipality named herein, in contravention of the relevant State, political subdivision, public authorities or

Municipality False Claims Act, to the damage of the treasury of each, by failing to pay money owed to the State or Municipality under the Passenger Facility Charge ("XF").

151.    As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the States, political subdivision, public authorities and Municipalities have failed to collect Passenger facility and civil aviation fees, in an amount to be determined at trial.

152.    Damages to the Commonwealth of Massachusetts includes, but is not limited to, three times the full value of all funds that Defendants failed to pay to Massachusetts, in an amount to be determined at trial.

153.    Each and every such fraudulent claim is also subject to a civil fine under the Massachusetts False Claims Act, plus three times the amount of damages.

154.    All Defendants are jointly and severally liable for all damages under this Count.

155.    By reason of these violations, the Commonwealth of Massachusetts has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT X

### Violations of Mont. Code Ann. § 17-8-401 *et seq.*
### The Montana False Claims Act

156.    The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

157.    This is an Action for treble damages and civil penalties for violations of the Montana False Claims Act, Mont. Code Ann. § 17-8-401, *et seq*.

158.    As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4);

49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government and the state and local governments.

159.    The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

160.    Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Passenger Facility Charge ("XF") they collected on the sale of each distributed flight ticket.

161.    The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S., State, and Municipal governments, in an amount to be determined at trial.

162.    To conceal their scheme, and avoid the mandatory liability and penalties, Defendants knowingly made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments. Defendants also presented or caused to be presented false or fraudulent claims for payment or approval, and made false records, statements and certifications, and caused others to make false records, statements and certifications, material to false or fraudulent claims.

163.    By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments, Defendants have defrauded each State and Municipality named herein, in contravention of the relevant State, political subdivision, public authorities or

29

Municipality False Claims Act, to the damage of the treasury of each, by failing to pay money owed to the State or Municipality under the Passenger Facility Charge ("XF").

164.    As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the States, political subdivision, public authorities and Municipalities have failed to collect Passenger facility and civil aviation fees, in an amount to be determined at trial.

165.    Damages to the State of Montana includes, but is not limited to, three times the full value of all funds that Defendants failed to pay to Montana, in an amount to be determined at trial.

166.    Each and every such fraudulent claim is also subject to a civil fine under the Montana False Claims Act, plus three times the amount of damages.

167.    All Defendants are jointly and severally liable for all damages under this Count.

168.    By reason of these violations, the State of Montana has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT XI

**Violations of N.Y. State Fin. Law § 188, *et seq.***
**The New York False Claims Act**

169.    The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

170.    This is an action for treble damages and civil fines under the New York False Claims Act. N.Y. State Fin. Law § 188, *et seq.*

171.    As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4);

49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government and the state and local governments.

172.     The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

173.     Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Customs Passenger Facility Charge ("XF") they collected on the sale of each distributed flight ticket.

174.     The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S., State, and Municipal governments, in an amount to be determined at trial.

175.     To conceal their scheme, and avoid the mandatory liability and penalties, Defendants knowingly made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments. Defendants also presented or caused to be presented false or fraudulent claims for payment or approval, and made false records, statements and certifications, and caused others to make false records, statements and certifications, material to false or fraudulent claims.

176.     By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments, Defendants have defrauded each State and Municipality named herein, in contravention of the relevant State, political subdivision, public authorities or

Municipality False Claims Act, to the damage of the treasury of each, by failing to pay money owed to the State or Municipality under the Passenger Facility Charge ("XF").

177.    As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the States, political subdivision, public authorities and Municipalities have failed to collect Passenger facility and civil aviation fees, in an amount to be determined at trial.

178.    Damages to the State of New York includes, but is not limited to, three times the full value of all funds that Defendants failed to pay to New York, in an amount to be determined at trial.

179.    Each and every such fraudulent claim is also subject to a civil fine under the New York False Claims Act, plus three times the amount of damages.

180.    All Defendants are jointly and severally liable for all damages under this Count.

181.    By reason of these violations, the State of New York has been damaged and continues to be damaged in an amount to be determined at trial.


## COUNT XII

### Violations of Va. Code Ann. § 8.01-216.1, *et seq.*
### The Virginia Fraud Against Taxpayers Act

182.    The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

183.    Plaintiff-Relator seeks relief against Defendant under the Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.1, *et seq*.

184.    As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4);

49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government and the state and local governments.

185.    The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

186.    Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Passenger Facility Charge ("XF") they collected on the sale of each distributed flight ticket.

187.    The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S., State, and Municipal governments, in an amount to be determined at trial.

188.    To conceal their scheme, and avoid the mandatory liability and penalties, Defendants knowingly made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments. Defendants also presented or caused to be presented false or fraudulent claims for payment or approval, and made false records, statements and certifications, and caused others to make false records, statements and certifications, material to false or fraudulent claims.

189.    By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments, Defendants have defrauded each State and Municipality named herein, in contravention of the relevant State, political subdivision, public authorities or

Municipality False Claims Act, to the damage of the treasury of each, by failing to pay money owed to the State or Municipality under the Passenger Facility Charge ("XF").

190.     As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the States, political subdivision, public authorities and Municipalities have failed to collect Passenger facility and civil aviation fees, in an amount to be determined at trial.

191.     Damages to the Commonwealth of Virginia includes, but is not limited to, three times the full value of all funds that Defendants failed to pay to Virginia, in an amount to be determined at trial.

192.     Each and every such fraudulent claim is also subject to a civil fine under the Virginia False Claims Act, plus three times the amount of damages.

193.     All Defendants are jointly and severally liable for all damages under this Count.

194.     By reason of these violations, Virginia has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT XIII

**Violations of Chi. Mun. Code § 1-22-010, *et seq*.**
**The City of Chicago False Claims Act**

195.     The allegations contained in paragraphs 1-46 are hereby realleged as set forth fully above.

196.     Plaintiff-Relator seeks relief against Defendant under the City of Chicago False Claims Act, Chi. Mun. Code § 1-22-010, *et seq*.

197.     As described throughout this Amended Complaint, Defendants knowingly violated 19 U.S.C. § 58c(a)(4)-(5); 8 U.S.C. § 1356(f)(3); 49 U.S.C. § 40117(b)(3); 7 C.F.R. § 354.3(f)(4);

49 U.S.C. § 44940(a)(1); 49 C.F.R. § 1510.1.1 by improperly avoiding its obligation to pay money owed to the U.S. government and the state and local governments.

198.    The obligation to pay fees related to travel within the United States arises by statute and regulation immediately and automatically upon the purchase of an airline ticket that necessitates travel into or within the United States.

199.    Defendants knowingly violated the aforementioned rules and regulations by failing to remit the mandatory Passenger Facility Charge ("XF") they collected on the sale of each distributed flight ticket.

200.    The economic benefit resulting from the violations committed by Defendants is equal to the full value of the collected fees they failed to remit to the U.S., State, and Municipal governments, in an amount to be determined at trial.

201.    To conceal their scheme, and avoid the mandatory liability and penalties, Defendants knowingly made false records, statements and certifications, and caused others to make false records, statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments. Defendants also presented or caused to be presented false or fraudulent claims for payment or approval, and made false records, statements and certifications, and caused others to make false records, statements and certifications, material to false or fraudulent claims.

202.    By knowingly, willfully or recklessly making false records, statements and certifications, and causing others to make records, false statements and certifications, for the purpose of improperly avoiding and/or decreasing an obligation to pay or transmit money to the U.S., State, and Municipal governments, Defendants have defrauded each State and Municipality named herein, in contravention of the relevant State, political subdivision, public authorities or

Municipality False Claims Act, to the damage of the treasury of each, by failing to pay money owed to the State or Municipality under the Passenger Facility Charge ("XF").

203.    As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the States, political subdivision, public authorities and Municipalities have failed to collect Passenger facility and civil aviation fees, in an amount to be determined at trial.

204.    Damages to the City of Chicago includes, but is not limited to, three times the full value of all funds that Defendants failed to pay to Chicago, in an amount to be determined at trial.

205.    Each and every such fraudulent claim is also subject to a civil fine under the Chicago False Claims Act, plus three times the amount of damages.

206.    All Defendants are jointly and severally liable for all damages under this Count.

207.    By reason of these violations, the City of Chicago has been damaged and continues to be damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff-Relator, on behalf of the United States of America, and all States and municipalities listed herein, request that judgment be entered in favor of the United States and Plaintiff-Relator and against Defendants as follows:

(a) That this Court enter judgment against all Defendants in an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1999, 28 U.S.C. § 2461, for each violation of 31 U.S.C. § 3729, plus the appropriate amount to the States

and municipalities for damages and civil fines as determined under the above listed State and Municipality False Claims Acts;

(b) That, because Defendants are responsible for the violations of 31 U.S.C. §§ 3729(a)(1)(A),(B),(G) and similar provisions of the State and municipality False Claims Acts described herein, all Defendants are jointly and severally liable for the full amount of damages and civil penalties awarded in this case;

(c) That Plaintiff-Relator be awarded an amount that the Court decides is reasonable, which shall not be less than 15% nor more than 30% of the proceeds or settlement of any related administrative, criminal, or civil actions, including the monetary value of any equitable relief, fines, restitution, or disgorgement to the United States and/or third parties pursuant to the federal and state False Claims Acts;

(d) That Plaintiff-Relator be granted a trial by jury;

(e) That Plaintiff-Relator, the United States, and the States and Municipalities listed herein be awarded pre-judgment interest;

(f) That the Plaintiff-Relator, be awarded all costs of this action, including attorneys' fees and costs pursuant to 31 U.S.C. §§ 3730(d) and similar provisions of the State, local and municipality False Claims Acts listed herein.

(g) The Plaintiff-Relator be granted declaratory relief and all preliminary and permanent injunctive relief as requested;

(h) The United States, the States, Sub-divisions or Municipalities and the Plaintiff-Relator recover such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff-Relator hereby demands a jury trial.

Respectfully submitted,

*/s/ David K. Colapinto*
David K. Colapinto
(D.C. Bar #416390)
Email: dc@kkc.com
Stephen M. Kohn
(D.C. Bar #411513)
Email: sk@kkc.com
Kayla M. Svihovec
(D.C. Bar # 1735588)
Email: Kayla.Svihovec@kkc.com
KOHN, KOHN & COLAPINTO, LLP
1710 N Street, N.W.
Washington, D.C. 20036
Phone:  (202) 342-6980
Fax:     (202) 342-6984

Attorneys for Plaintiff-Relator

October 31, 2023